**Affirmed and Memorandum Opinion filed August 22, 2024**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00947-CR

**ADAN OLVERA, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 443rd District Court**
**Ellis County, Texas**
**Trial Court Cause No. 46111CR**

## MEMORANDUM OPINION

A jury found appellant Adan Olvera, Jr. guilty of theft and the trial court assessed punishment at 650 days in state jail and a $500.00 fine and ordered appellant to pay $7,500 in restitution. *See* Tex. Penal Code Ann. § 31.03(a). Appellant contends that the evidence is legally insufficient to support his conviction because the State did not prove that there was deception at the time of

the exchange of property. For the reasons stated below, we affirm the trial court's judgment.[1]

## Background

Tommy and Tamatha Fontaine hired appellant to build a shed/garage on their property. The Fontaines communicated with appellant for two months regularly regarding the building plans and agreed that construction would begin on Saturday, May 12, 2018. The Fontaines paid appellant $7,500 by check on Thursday, May 10, 2018. However, there was either an issue with appellant being able to cash the check without a driver's license and/or a three day hold by the bank on cashing the check. Appellant told the Fontaines the next day, Friday, May 11, 2018, that he needed cash instead so he could immediately begin purchasing supplies and begin work the next day. Tommy cashed the check at the bank at 1:12 p.m. and gave appellant the $7,500 in cash that same day.

Appellant did not show up to begin work the next day, Saturday, May 12, 2018, and he did not contact the Fontaines about any delay. After the Fontaines contacted him, appellant stated that he would begin work the next day. Appellant did not arrive Sunday, either. Tommy testified that he called appellant on Sunday and appellant stated that "he was trying to get things together." On Tuesday, May 15, appellant texted Tommy that he was waiting to hear from a subcontractor but would begin on other parts of the job. He did not. On May 17, Tamatha testified that she asked appellant for the money back, and appellant responded that he could

---

[1] The Supreme Court of Texas ordered the Court of Appeals for the Tenth District of Texas to transfer this appeal (No. 10-22-00430-CR) to this court. Misc. Docket No. 22-9115 (Tex. Dec. 20, 2022); *see* Tex. Gov't Code Ann. §§ 73.001, .002. Because of the transfer, we decide the case in accordance with the precedent of the transferor court under principles of stare decisis if our decision otherwise would have been inconsistent with the transferor court's precedent. *See* Tex. R. App. 41.3.

not return it since he had already spent it on workers. Tamatha told appellant that she planned to file a police report. On May 18, Tommy texted appellant for a status update. Appellant stated that he would be there the next day. This was the last time appellant was in contact with the Fontaines. On May 19, appellant did not respond to Tommy's text messages inquiring when he would arrive, nor to Tommy's later text message to call him. On May 21 at 7:57 a.m., Tommy texted appellant to either show up or return the money. Later that day, the Fontaines filed a police report. Appellant never began work, provided any materials, or returned the money to the Fontaines.

## Standard of Review

In evaluating a challenge to the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The jury "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The jury may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the jury resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

A person commits theft if the person intentionally or knowingly unlawfully appropriates property with the intent to deprive the owner of the property. Tex. Penal Code. Ann. § 31.03(a). Appropriation of property is unlawful if it is without the owner's effective consent. Tex. Penal Code. Ann. § 31.03(b). Consent is not effective if it is induced by deception or coercion. Tex. Penal Code. Ann. § 31.01(3).

The Penal Code defines the term "deception" as meaning:

(A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;

(B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;

(C) preventing another from acquiring information likely to affect his judgment in the transaction;

(D) selling or otherwise transferring or encumbering property without disclosing a lien, security interest, adverse claim, or other legal impediment to the enjoyment of the property, whether the lien, security interest, claim, or impediment is or is not valid, or is or is not a matter of official record; or

(E) promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.

Tex. Penal Code Ann. § 31.01(1).

Only when, at the time that money is exchanged pursuant to the contract, the accused either intends not to, or at least knows he will not, perform his part of the bargain may he be held criminally liable for theft. *Taylor v. State*, 450 S.W.3d 528,

4

536 (Tex. Crim. App. 2014).

## Analysis

Appellant asserts that the trial evidence is legally insufficient to support his conviction for theft. He argues there is insufficient evidence to show that he did not intend to perform the service at the time he took the money.

However, evidence at trial showed that appellant misled the Fontaines. Appellant insisted on being paid in cash for the express reason of him needing the money immediately to purchase materials so he could begin the next day. A jury could infer that this promise was to induce a cash payment from the Fontaines. A jury could also infer that appellant sought a cash payment over a check payment so that appellant would not risk the Fontaines cancelling the payment with the bank when appellant did not perform as promised. Further, a jury could infer that it was unreasonable to expect to coordinate next-day delivery with a supply company and obtain all the materials necessary for the concrete job after being paid at 1:12 p.m. the day before work was to commence.

The jury could also find that the subsequent lack of performance and communication, as well as appellant's unwillingness to pay back the Fontaines once they requested the money be returned, are also evidence of deception. A defendant's intentions can be determined from his words, acts, and conduct occurring before, during, or after the commission of the offense. *Wirth v. State*, 361 S.W.3d 691, 697 (Tex. Crim. App. 2012); *Elizondo v. State,* 487 S.W.3d 185, 201-202 (Tex. Crim. App. 2016). Appellant did not go back to the Fontaines' property, purchase materials, conduct work, or return the money to the Fontaines. Rather, when prompted by the Fontaines, he continually delayed and said he would be there the next day before ceasing communication altogether.

5

While appellant provided alternative explanations, the jury determined from circumstantial evidence that appellant made the promise of performance to deceptively acquire the Fontaines' $7,500 in cash with no intention to perform on that promise. This was not a determination so outrageous that no rational finder of fact could agree. As such, the evidence is not legally insufficient.

## Conclusion

Our review of the record reveals legally sufficient evidence to support the jury's verdict of guilt. We affirm the judgment of the trial court.

/s/
Frances Bourliot
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.

Do Not Publish — Tex. R. App. P. 47.2(b)